IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KING HOLDINGS LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:22-cv-02324-JPB-RGV |
| DEREK HARRIS, *et al.*, | |
| Defendants. | |

**MAGISTRATE JUDGE'S FINAL REPORT,
RECOMMENDATION, AND ORDER**

This matter is before the Court on Derek Harris' ("Harris") affidavit and application to proceed *in forma pauperis*, [Doc. 1],[1] and "motion for removal of action with a federal stay of eviction," [Doc. 1-1 (emphasis and all caps omitted)]. From the documents before the Court, it appears that plaintiff King Holdings LLC ("plaintiff") initially filed this action against Harris and 700-Hard-Cash, LLC in the Magistrate Court of Fulton County, Georgia, seeking a writ of possession following a foreclosure sale that occurred on May 5, 2020. See [id. at 8]. Harris, proceeding without counsel, seeks to remove this dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1 & 1-1]. For the reasons that follow,

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

it is **RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County, Georgia.  For the purpose of remand only, Harris' request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**.[2]

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the

---

[2] 700-Hard-Cash, LLC is named as a defendant in the dispossessory action filed in the Magistrate Court of Fulton County, [Doc. 1-1 at 8], but only Harris has filled out the application to proceed *in forma pauperis* and signed the motion for removal, see [Docs. 1 & 1-1].  "The unanimity rule [of 28 U.S.C. § 1446(b)(2)(A) generally] requires that all defendants consent to and join a notice of removal in order for it to be effective."  Wheeler v. DeKalb Cnty., No. 1:13-cv-4205-WSD, 2014 WL 2041977, at *2 (N.D. Ga. May 16, 2014) (citations and internal marks omitted); see also 28 U.S.C § 1446(b)(2)(A).  Because the docket does not reflect that 700-Hard-Cash, LLC has joined in the removal of this action or provided the requisite consent to removal, the case is due to be remanded on this basis.  See Thalacker v. Concessions Int'l, LLC, No. 1:06-cv-2685-WSD, 2007 WL 521902, at *2 (N.D. Ga. Feb. 15, 2007) (citations omitted).  Furthermore, to the extent that Harris purports to represent the interests of 700-Hard-Cash, LLC, he cannot do so, since "[c]orporations are ineligible to proceed in forma pauperis []."  Lincoln Apartment Mgmt. LP v. Five Star Logistics & All Other Occupants, Civil Action File No. 1:14-CV-52-TWT, 2014 WL 688142, at *1 (N.D. Ga. Feb. 20, 2014) (citation omitted), adopted at *1; see also Redford v. Planchard, No. 1:09-mi-0199, 2009 WL 3158175, at *2 (N.D. Ga. Sept. 25, 2009) (citation omitted) ("[A] corporation is not entitled to [*in forma pauperis*] status.").  "Likewise, [corporations] may not proceed pro se and must be represented by counsel."  Lincoln Apartment Mgmt. LP, 2014 WL 688142, at *1 (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)).  Thus, for the purpose of remand only, Harris' request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**.  See LH Props. II, LLC v. Absolute Med. Weight Loss, CIVIL ACTION FILE NO. 1:18-cv-01051-CAP-AJB, 2018 WL 1833253, at *2 (N.D. Ga. Mar. 14, 2018) (granting the individual's *in forma pauperis* application for purposes of remand only after observing that defendant-corporation could not proceed *in forma pauperis* and had not consented to removal to properly effect removal).

place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (alterations in original) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). When a notice of removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action. Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008) (citations omitted), adopted at *1. "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007) (citations omitted), adopted at *1; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)

(footnote omitted). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392). Under the well-pleaded complaint rule, "plaintiff is the master of the claim; . . . [it] may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392 (footnote omitted); Wilson, 2008 WL 544741, at *1 (citations omitted). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). The burden is on Harris as the removing party to show that the federal court has jurisdiction. Etowah Envtl. Grp., LLC v. Walsh, Civil

Action No. 2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (citing Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).

Harris' attempt to remove this action is deficient in several respects. First, it appears from the documents filed with the notice of removal that plaintiff brought a dispossessory action in the Magistrate Court of Fulton County, Georgia, and there is no indication from the documents submitted by Harris for this Court's consideration that plaintiff has raised any federal claim in the dispossessory action. See [Doc. 1-1 at 8]. Harris appears to allege that removal is proper on the basis of federal question jurisdiction.[3] See [Doc. 1-1 at 1-2]. In particular, Harris

---

[3] Although Harris' civil cover sheet identifies the basis for the Court's jurisdiction as "U.S. Government Plaintiff," [Doc. 1-2 at 1], the United States is not a party to this action. Harris also does not assert that the parties are diverse, see generally [Docs. 1-1 & 1-2], and even if he had, diversity jurisdiction would be improper. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (alteration in original) (footnote omitted) (quoting 28 U.S.C. § 1332 (a)(1)). "Under [28 U.S.C.] § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides," however, "[t]he removal statute does not provide an in-state defendant the same flexibility in removing cases." Fed. Nat'l Mortg. Ass'n v. Avendano, Civil Action File No. 1:10-CV-3391-TWT-AJB, 2010 WL 4963027, at *3 (N.D. Ga. Oct. 28, 2010) (citing Lincoln Prop. Co., 546 U.S. at 89-90), adopted by 2010 WL 4963024, at *1 (N.D. Ga. Nov. 30, 2010). Indeed, "[28 U.S.C.] § 1441(b) bars removal on the basis of diversity if the defendant is a citizen of the [s]tate in which the action is brought." Id. (alterations, citations, and internal marks omitted). Therefore, even if Harris had asserted diversity jurisdiction as a basis for removal, "§ 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because [Harris is a] citizen[] of the [s]tate of

5

asserts that plaintiff violated 15 U.S.C. § 1692 and Rule 60 of the Federal Rules of Civil Procedure, and he maintains that this Court has "a legal duty to abort eviction pursuant to O.C.G.A 51-1-6." [Id. at 2].[4]  Harris also contends that "the Fulton County Dispossessory action is in violation of [the] 14th Amendment of the U.S. Constitution with respect to Due Process of law" and is "Unconstitutional[.]" [Id.].  However, Harris' reliance on these laws appears to be a defense to the underlying state-court dispossessory action, and "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted); see also Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393); Gumbs, 2007 WL 3491744, at *4

---

Georgia[.]" Id. at *4; see also Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir. 1992) (per curiam) (citation omitted); [Doc. 1 at 5].

[4] Federal Rule of Civil Procedure 60, which provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," Fed. R. Civ. P. 60(a), is a rule of procedure and not substantive law.  Thus, if Harris is trying to assert a cause of action for violation of Rule 60, it "would be inconsistent with the Rule's design and intended implementation." Suarez v. Town of Ogden Dunes, No. 2:05-CV-264 PS, 2006 WL 2982107, at *2 (N.D. Ind. Oct. 17, 2006).  Further, 15 U.S.C. § 1692 et seq., which codifies the Fair Debt Collection Practices Act ("FDCPA"), applies only to "debt collectors," which are defined by the act as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another." 15 U.S.C. § 1692a(6).  Plaintiff has only brought a dispossessory action, however, and is not alleged to have engaged in any debt collection activity governed by the FDCPA. See generally [Doc. 1-1].  Moreover, O.C.G.A. § 51-1-6 is a state statute that cannot form the basis of federal question jurisdiction.

6

(citations omitted). Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Dhinoja, 705 F. Supp. 2d at 1381 (citation and internal marks omitted). To the extent that Harris relies on federal law in support of a counterclaim rather than a defense, it is well settled that a counterclaim cannot serve as the basis for federal question jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citations omitted). Harris' allegations are thus insufficient to establish that the Court has federal question jurisdiction in this case. See Diamond, 2006 WL 839405, at *2.

Accordingly, because the action initiated by plaintiff in the Magistrate Court of Fulton County is exclusively a matter of state law, the Court lacks subject matter jurisdiction over this action, and the action must therefore be remanded to the Magistrate Court of Fulton County. See Caterpillar Inc., 482 U.S. at 392; Dhinoja, 705 F. Supp. 2d at 1381 (remanding case where "the dispossessory claim that form[ed] the basis of this action [was] exclusively a matter of state law"); see also Finvest Roxboro, LLC v. Bozick, Civil Action File No. 1:13–CV–3678–TWT, 2013 WL 6795232, at *1-3 (N.D. Ga. Dec. 20, 2013), adopted at *1; HSBC Mortg. Servs., Inc. v. Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand in dispossessory action where no federal

question was present on the face of the plaintiff's complaint and the requirements for diversity jurisdiction were not satisfied).

For the foregoing reasons, it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County. For the purpose of remand only, Harris' request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 14th day of June, 2022.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE